**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

BETSY SAMMONS,

*Plaintiff*,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY and,

MATRIX ABSENCE MANAGEMENT,

*Defendants.*

---

## COMPLAINT

---

Plaintiff, Betsy Sammons ("Ms. Sammons"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Reliance Standard Life Insurance Company and Matrix Absence Management, Inc., states, alleges, and avers as follows:

### PRELIMINARY ALLEGATIONS

1.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction based on a federal question is predicated under these code sections and 28 U.S.C. § 1331. This action is brought to recover benefits under the terms of employee benefit plans, to enforce Plaintiff's rights under the terms of employee benefit plan, and to clarify Plaintiff's rights to future benefits under the plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of the benefit plans at issue herein, and attorneys' fees and costs.

2.      Non-party Medtronic, Inc. ("Medtronic") hired Plaintiff, a resident and domiciliary of the State of Colorado, on October 13, 2017.

3.      Medtronic is the "administrator" and "plan sponsor" of the Medtronic Long Term Disability Plan as those terms are defined by 29 U.S.C. § 1002(16)(A) and (B).

4.      The Plan constitutes an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

5.      As an "employee" of Medtronic, Plaintiff was a "participant" in and "beneficiary" of the Medtronic Long Term Disability Plan ("Plan"), as those terms are defined by 29 U.S.C. § 1002(6), (7), and (8).

6.      The Plan identifies Defendant Reliance Standard Life Insurance Company ("Reliance") as the "insurance company."

7.      The Plan states:

> …The insurance company has full and complete discretion to determine if you are entitled to benefits under the Insurance Documents. If the insurance company determines that you are not entitled to benefits under the Insurance Documents, then no benefits are payable under the Plan.

8.      The Plan did not provide discretionary authority to Defendant Matrix Absence Management ("Matrix").

9.      The Plan included long-term disability income replacement benefits insured by Group Long-Term Disability Insurance Policy, Group Policy No. LTD 123735 ("Policy"), issued by Defendant Reliance.

10.     The Policy does not contain language conferring discretion upon Defendant Matrix.

11.     Neither the Plan nor the Policy identifies Matrix as the claim administrator.

12.     The Policy was delivered in Minnesota, where state law bans discretionary clauses for disability income coverage pursuant to Minn. Rev. Stat. §60A.42.

2

13. The Policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), because it provides disability coverage to Ms. Sammons, who was a resident of the State of Colorado at the time she became insured. Therefore, Colo. Rev. Stat. § 10-3-1116(8) applies to this claim and bans discretionary clauses.

14. As the insurer of the Policy, Reliance is responsible for making payments owed under the Policy.

15. Matrix is a sister company of Reliance, whose technology platform is used to administer claims arising under the Policy.

16. Matrix rendered all decisions on Ms. Sammons' claim (Claim No. 2023-04-22-0040-LTD-01).

17. Reliance is an Illinois Corporation and conducts business in the state of Colorado.

18. Matrix is a Delaware corporation and conducts business in the state of Colorado.

19. Pursuant to the terms and conditions of the Plan and the Policy, Plaintiff is entitled to long-term disability ("LTD") benefits so long as Plaintiff remains disabled according to the terms of the Plan and Policy.

20. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

21. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

22. During Plaintiff's employment and while she was covered under Policy, Plaintiff met the Policy's "Total Disability" definition and became entitled to LTD benefits under the terms and conditions of the Policy.

23. Plaintiff became disabled on or around September 18, 2022.

24. On August 21, 2023, Matrix approved Ms. Sammons' LTD benefits under the

3

"Regular Occupation" definition of disability and paid benefits retroactively to March 20, 2023.

25.    Only four days after approving the claim, on August 25, 2023, Matrix sent Ms. Sammons a letter requesting medical and vocational information to determine whether she met the "Any Occupation" definition of disability, even though the Policy definition of disability would not change until March 20, 2024.

26.    Three months later, by letter dated November 30, 2023, Matrix explained that it was applying the Policy's 12-month "Mental or Nervous Disorders" limitation to Ms. Sammons' claim and that her monthly disability payments would cease ten (10) months later, on September 20, 2024.

27.    On January 10, 2024, Ms. Sammons notified Matrix of her intent to appeal its decision that she was disabled by a "Mental or Nervous Disorder," and requested the relevant claim file documents. Ms. Sammons also requested a more detailed explanation of the reasons for the November 30, 2023 decision.

28.    On January 12, 2024, Matrix requested additional information about Ms. Sammons' treatment providers.  In response, Ms. Sammons informed Matrix that the November 30, 2023 decision provided her with 180 days, or until May 28, 2024, to submit all of her medical records and other evidence in support of her appeal of Matrix's decision to apply the "Mental or Nervous Disorders" limitation.

29.    On February 2, 2024, Matrix informed Ms. Sammons that her LTD benefits would be terminated if she did not submit the additional evidence by March 1, 2024—88 days before the 180-day appeal deadline. Ms. Sammons complied with Matrix's demand and submitted updated medical records on March 1, 2024.

30.    On March 11, 2024, Matrix agreed that Ms. Sammons was precluded from performing the duties of "Any Occupation." Matrix stated that Ms. Sammons' LTD benefits would continue until November 20, 2024.

4

31.  Ms. Sammons asked Matrix to clarify whether it determined if she was disabled due to her physical conditions or if the "Mental or Nervous Disorders" limitation still applied. By email dated March 22, 2024, Matrix confirmed the "Mental or Nervous Disorders" limitation still applied, and Ms. Sammons' LTD benefits would end on November 20, 2024.

32.  On May 17, 2024, Matrix sent a letter to Ms. Sammons reiterating that the "Mental or Nervous Disorders" limitation applied but changed the end of the 12-month limitation period back to September 20, 2024.

33.  On May 28, 2024, Ms. Sammons submitted an appeal to Reliance of the decision to apply the "Mental or Nervous Disorders" limitation to her disability claim. Matrix confirmed its receipt of the appeal in an email dated May 31, 2024.

34.  Pursuant to the ERISA regulations, the deadline to render an appeal decision was 45 days, or July 15, 2024, unless special circumstances arose that prevented Reliance or Matrix from making a determination.

35.  On June 11, 2024, Matrix requested that Ms. Sammons undergo an independent medical examination. About two weeks later, Reliance withdrew the request for an IME, because it was unable to locate a provider.

36.  On June 28, 2024, Reliance stated it required more than 45 days to render a decision but failed to identify a special circumstance necessitating the extension of time. As such, Ms. Sammons properly objected to Reliance's ability to claim a 45-day extension.

37.  On July 29, 2024, Reliance provided Ms. Sammons with medical records reviews and a July 12, 2024 Residual Employability Analysis. Reliance allowed Ms. Sammons 15 days to respond to these reports.

38.  On August 13, 2024, Ms. Sammons responded to the reviews and provided additional evidence from her treatment providers verifying her disability resulting from physical conditions. She

5

also submitted an additional report from a vocational expert describing the errors contained in Reliance's July 12, 2024 Residual Employability Analysis.

39.     On August 28, 2024, Matrix agreed that the "Mental or Nervous Disorders" limitation did not apply. Instead, Matrix declared that Ms. Sammons was no longer disabled at all, whether physically or mentally; therefore, LTD benefits would end on  September 20, 2024.

40.     Matrix's August 28, 2024 decision to terminate the claim was based on two additional physician's reports and the Residual Employability Analysis of July 12, 2024.

41.     Because Matrix did not include the physician's reports with the August 28, 2024 letter, Ms. Sammons requested the medical reports and any vocational reviews completed after July 12, 2024.

42.     Reliance admitted that it did not review the additional vocational evidence Ms. Sammons submitted on August 13, 2024 in response to Reliance's July 12, 2024 Residual Employability Analysis.

43.     Ms. Sammons wrote to Matrix on September 3, 2024, objecting to the actions and decision of Reliance and Matrix. She explained that the deadline to render the appeal decision had passed (as of July 12, 2024), that she had exhausted her administrative remedies, and that the appeal was deemed denied.

44.     On September 9, 2024, Reliance provided a new vocational review dated September 4, 2024. This vocational report is dated the day after Ms. Sammons' letter explaining that the appeal was deemed denied.

45.     On October 2, 2024, Reliance sent an email to Ms. Sammons stating, "the Claims Department supported impairment into November 2024," even though it previously indicated the claim would terminate as of September 20, 2024. Reliance suggested Ms. Sammons submit additional medical information by October 20, 2024.

46.     Ms. Sammons responded to Reliance on October 2, 2024, documenting the procedural

irregularities and confusing nature of Reliance's ongoing appeal review, despite Matrix's August 28, 2024 adverse benefit determination. She also confirmed her position that the appeal process was completed on September 3, 2024.

47.     Reliance emailed on October 10, 2024 stating, "the status of the appeal is that the appeal is currently pending and under review." Reliance did not state who was reviewing Ms. Sammons' appeal as it had already been reviewed by medical and vocational personnel and Matrix had already issued a denial letter.

48.     On October 23, 2024, Matrix sent a letter reiterating its August 28, 2024 decision to terminate benefits effective September 20, 2024, further confusing the matter.

49.     Defendants breached the terms of the Plan and Policy. Furthermore, the Defendants violated ERISA in the following respects:

(a)  Failing to pay LTD benefit payments to Plaintiff when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan and Policy;

(b)  Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the Plan and Policy for denying Plaintiff's claims for LTD benefits;

(c)  After Plaintiff's claim was terminated, Defendants (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claims along with an explanation of why such material is or was necessary;

(d)  Failing to adequately and in good faith investigate the merits of Plaintiff's disability claims and failing to provide a full and fair review of Plaintiff's claims properly and adequately;

7

(e) Failing to consider all medical records and opinions from Plaintiff's medical providers;

(f) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(g) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(h) Cherry-picking medical records that favored its self-interested adverse benefit determinations;

(i) Ignoring Plaintiff's subjective symptoms even though they were observed or verified by others, including her treating medical providers;

(j) Failing to gather sufficient evidence to demonstrate that Plaintiff's medical conditions had improved to the point that she was no longer disabled and could reliably and consistently perform the material and substantial duties of her regular occupation;

(k) Changing the basis for denying benefits;

(l) Randomly changing the date by which benefits would terminate;

(m) Failing to perform a full and fair review of the evidence submitted in response to the appeal decision; and

(n) Placing its financial interests ahead of Plaintiff's interests.

50. Plaintiff alleges that Defendants wrongfully terminated her LTD benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.

51. Following the denial of her LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations required of her under the

8

Plan and Policy.

52.     Plaintiff has satisfied all conditions precedent to receive LTD benefits under the Policy.

53.     Plaintiff is disabled and entitled to benefits provided by the LTD Policy.

54.     Defendants' adverse benefit determinations have compelled Ms. Sammons to institute litigation to recover benefits and coverage owed to her under the Policy.

55.     As a direct and proximate result of Defendants' adverse benefit determinations, Plaintiff has been required to incur attorneys' costs and fees in pursuing this action for the LTD benefits owed under the respective Policy. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

56.     Defendants' acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the Plan and Policy.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.     Declare that Plaintiff is entitled to LTD benefits under the Plan and LTD Policy;

2.     Order Defendant Reliance to pay all past-due LTD benefits owed under the Plan and LTD Policy from the date they became payable through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due;

3.     Order Defendants to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

4.     Such other and further relief this Court deems just and proper.

9

Respectfully submitted this 2nd day of December 2024 by:

***s/MarySusan Kern***
MarySusan Kern
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*marysue@mcdermottlaw.net*

Plaintiff's Address
2649 N Chelton Road
Colorado Springs, CO 80909